Opinion issued March 20, 2003





  






In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00936-CV




PROGRESSIVE YOUTH SERVICES, INC. AND SOUTHEAST
COMMUNITY CENTER, INC. F/K/A PROGRESSIVE YOUTH SERVICES,
INC., Appellants

V. 

DALLAS FIRE INSURANCE COMPANY, Appellee




On Appeal from the 151st District Court of
Harris County, Texas
Trial Court Cause No. 1999-32101





MEMORANDUM OPINION

          This case involves a commercial general liability insurance policy. The trial
court granted the insurance company’s


 amended motion for summary judgment
against its insured


 on the grounds the insurance company had no duty to defend and
no duty to indemnify. The insured appeals, arguing the trial court erred (1) in
granting summary judgment for the insurance company, and (2) in failing to grant the
insured’s motion for partial summary judgment on the duty to defend issue. We
reverse and render in part, and reverse and remand in part.
Background
          The insured is a residential facility for troubled youth. One of the juvenile
residents died as a result of injuries he received when employees of the insured
restrained him during a search of his sleeping area. The youth’s parents sued the
insured for wrongful death, alleging the insured was negligent in:
(1)failing to properly train their staff members in the manner in
which to restrain and search resident youths at Progressive,
 
(2)failing to prevent excessive force from being used against
residents at Progressive,
 
(3)failing to safely supervise the work being performed at
Progressive,
 
(4)failing to warn of unreasonably dangerous activities on the
premises,
 
(5)failing to take proper precautions in avoiding this incident, and 
 
(6)failing to do what a prudent owner would do under the same or
similar circumstances. 
          The insurance company at first provided a defense for the insured, but then
withdrew its defense. The trial court awarded the youth’s parents approximately $2.3
million in damages against the insured. The insured then sued the insurance company
for breach of contract, DTPA


 violations, and Stowers


 doctrine violations.
Duty to Defend
          The following recent Texas Supreme Court opinion controls the duty to defend
issue: King v. Dallas Fire Ins. Co., 85 S.W.3d 185 (Tex. 2002). Based on King, we
hold that the youth’s parent’s petition alleged an “occurrence” with respect to the
insured, and consequently the insurance company had a duty to defend the insured as
a matter of law. 
Duty to Indemnify
          In addition to arguing lack of an “occurrence” under the policy, the insurance
company takes the position that the insured’s employees were providing “professional
services” when they restrained the juvenile in his bedroom during a search, and
therefore the “Professional Services Exclusion” under the policy eliminates any
coverage for the incident. In this traditional summary judgment case, the insurance
company had the burden to prove, as a matter of law, that the actions of the insured
constituted “professional services” within the meaning of the exclusion. Tex. R. Civ.
P. 166a(c). There is no evidence in the record the employees involved in the incident
were “professionals” in any sense of that word. Further, the insurance company’s
motion for summary judgment does not assert that the alleged acts of negligence of
the insured (failure to properly train and supervise staff, etc.) constituted
“professional services” within the meaning of the “Professional Services Exclusion”
clause, and therefore that issue is not before us for review. 
          Based on this record, the insurance company did not establish its entitlement 
to summary judgment as a matter of law on the duty to indemnify issue. 
          We sustain the insured’s third issue.



                                                   Conclusion
          We reverse the summary judgment for the insurance company; we render
judgment that the insurance company had a duty to defend the insured; and we
remand the remainder of the case to the trial court. 
                                                   PER CURIAM
Panel consists of Justices Hedges, Jennings, and Mirabal.